UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROBERT RIVERS,

        Plaintiff,　　　　　　　　　Case No. 2:15-cv-89

v.　　　　　　　　　　　　　　　　　Honorable R. Allan Edgar

CATHERINE BAUMAN, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Robert Rivers, a state prisoner currently confined at the Alger Correctional Facility (LMF), filed his *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Catherine Bauman, Food Supervisor Unknown Ehle, and Lieutenant Unknown Hursh. In his complaint, Plaintiff alleges that at 5:30 a.m. on April 17, 2015, Plaintiff reported to his job in Food Service. Plaintiff was let into the walk-in cooler at 5:50 a.m. by Food Service Supervisor Prudy, so that he could get the food he needed to prepare. Plaintiff was locked in the prep room to work at approximately 6:15 a.m. At approximately 9:20 a.m., Plaintiff was told that Defendant Ehle had written a misconduct on him and that he needed to leave his work assignment.

Later that day, Sergeant Eiskine reviewed the Class II misconduct ticket with Plaintiff. The ticket charged Plaintiff with insolence and accused Plaintiff of stopping Defendant Ehle in front of the walk-in cooler and stating, "It looks real touchy [and] feely in her [sic] today. Who am I going to have to touch and feel to get some attention around here?" Plaintiff asked Sergeant Eiskine to review the videotape as evidence, but Eiskine told him to ask the officer at the disciplinary hearing. On April 20, 2015, Plaintiff was terminated from his job assignment because of the misconduct ticket.

On April 22, 2015, Defendant Hursh conducted a hearing on the misconduct ticket. Plaintiff asked Defendant Hursh to review the videotape evidence, but Defendant Hursh refused, saying that it was Plaintiff's duty to bring the evidence to court. Plaintiff received 20 days loss of privileges. On April 30, 2015, Plaintiff sent a certified letter and grievance to the Ombudsman, seeking to have Defendant Ehle investigated for lying and inappropriate behavior. The Ombudsman sent Plaintiff's grievance back, stating that he should let LMF officials investigate the situation first.

Plaintiff attempted to file the grievance, but it was rejected at step I. Plaintiff filed an appeal of the misconduct conviction, but Deputy Warden Immel refused to address Plaintiff's appeal.

Plaintiff claims that Defendants' conduct violated his due process rights. Plaintiff seeks damages and declaratory relief.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff states that he was convicted of a class II misconduct in violation of his due process rights. A minor misconduct conviction does not implicate the due process clause. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). In this case, Plaintiff's claim that he was subjected to 20 days loss of privileges does not rise to the level of an "atypical and significant hardship."

Plaintiff also appears to be claiming that he due process rights were violated by the loss of his prison job. The Sixth Circuit has consistently found that prisoners have no

constitutionally protected liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Carter v. Tucker*, No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) (same). Morever, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 2003 WL 21518730 at *2 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991), and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Under these authorities, Plaintiff fails to state a due process claim arising from the termination of his prison employment.

Finally, the Court notes that Defendant Bauman was not involved in Plaintiff's termination from his kitchen job or his misconduct conviction and that her only role in this action involves the denial of administrative grievances or the failure to act. Defendant Bauman cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  9/1/2015                           */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE